IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00371  DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF LAW; |
| | ) | EXHIBIT 1 |
| vs. | ) | |
| | ) | |
| WALTER Y. ARAKAKI | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF LAW

### I.    INTRODUCTION

On September 29, 2004, an indictment was filed in the United States District Court for the District of Hawaii charging WALTER Y. ARAKAKI with Mail Fraud in violation of 18 U.S.C. §1341.

The indictment alleged mail fraud with the scheme and artifice to defraud indicating that an unindicted co-conspirator ("DH") bypassed established contracting procedures by directing the Oahu Maintenance Engineer ("OME") to contact only one contractor for the purpose of obtaining quotes for trouble calls.   The indictment

alleged that D.H. directed OME personnel to contact ARAKAKI alone for the purpose of obtaining a quote for specific trouble calls, including renovation and repair of a boathouse on the airport grounds.

The indictment further alleged that upon receiving a request from OME to submit a quote, ARAKAKI submitted a quote on behalf of his own company and submitted, or arranged to be submitted, two additional quotes from other companies.

In some instances, it was alleged that the quotes were prepared by ARAKAKI using a blank quote form bearing the letterhead of one of the other companies. In other instances, it was alleged that the owners of the other companies provided the quotes without intention of bidding competitively.

The indictment further alleged that the contracts awarded to ARAKAKI's company, as well as the invoices submitted for payment, were falsely and fraudulently inflated above a fair and reasonable value for the work performed. Following completion of the project, ARAKAKI caused payment to be mailed to his company.

The four counts in the indictment consisted of the four separate mailings of the State of Hawaii warrants payable to WALTER Y. ARAKAKI. Count 1 is the mailing on August 4, 1999. It involved a one-time job of installing security glass window at the airport. Counts 2 and 3 involved the mailings on August 6, 1999 and August 10, 1999 respectively for repair of the boathouse at the Crash Boat Harbor. Count 4 is a

mailing on October 28, 1999 involving again, a one-time job of installing ventilation louvers at the baseyard facility.

## II.     ARGUMENT

### A.    Counts 1 – 3 should be dismissed for exceeding the five year statute of limitations.

Title 18, Section 3282 of the United States Code states:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

In <u>United States v. Yejo</u>, 634 F.Supp. 630 (D. Puerto Rico 1986), the Court held that "in the case of mail fraud charges, the period of limitations starts to run from the date of mailing." Id. at 631. In that case, the defendant was charged with a thirty-nine (39) count indictment for mail fraud, false claims, and conversion. Counts one through fifteen referred to mailings made more than five years before the date the original indictment was returned. The Court dismissed the first fifteen counts of the indictment for exceeding the five years statute of limitations.

In <u>United States v. Dunn</u>, 961 F.2d 648 (7th Cir. 1992), the court held that in a mail fraud case, the statute of limitations runs from the date of the mailing. In <u>Dunn</u>, the grand jury returned the indictment on June 28, 1990. The earliest mailing

charged in the individual mail fraud counts was alleged to have occurred on September 1, 1985. The court found that all of the mailings which formed the basis for the mail fraud counts fell within the five year statute of limitations.

In the current case, the mailing in counts 1 through 3; August 4, 1999, August 6, 1999, and August 10, 1999, respectively, all occurred over five years from the date of the indictment, which was September 29, 2004.

**B.    Mail Fraud Is Not a Continuing Offense.**

In United States v. Barger, 178 3d 844 (7th Cir. 1999), the court held that the statute of limitations for mail fraud begins running on the date of the mailing and not when the criminal scheme is complete.

In United States v. Howard, 350 F.3d 125 (D.C. Cir 2003), the court reiterated the holding of Barger by stating that "just as the statute of limitations for mail fraud begins at the time of mailing, we find that the crime of mail fraud is completed, for sentencing purposes, at the time of the mailing. The actual duration of the scheme is of no import." Barger at 847. In Howard, the court held that because the defendant's last use of the mailings occurred on April 9, 1997, the offenses were completed by that date.

The government may contend that the scheme to defraud is a continuous offense and that since Count 4 is within the statute of limitations, the other

counts should be upheld.  However, <u>Barger</u> clearly states that each mailing is a separate offense and that "mail fraud is not an offense listed as a 'continuing offense' whose statute of limitations begins at the end of a continuing course of criminal conduct." <u>Barger</u> at 847.

III.    **CONCLUSION**

Based on the foregoing, Defendant respectfully request that this Honorable Court dismiss Counts 1, 2, and 3 of the indictment because they violate the five year statute of limitations.

KEITH M. KANESHIRO
Attorney for Defendant
WALTER Y. ARAKAKI