ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Chief, Major Crimes Section

WILLIAM L. SHIPLEY
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
E-Mail: William.Shipley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 09 2007

at _____ o'clock and _____ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00371 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| WALTER Y. ARAKAKI, | ) | Date:   October 9, 2007 |
| | ) | Time:   11:00 a.m. |
| Defendant. | ) | Judge:  Kevin S.C. Chang |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

        Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, the UNITED STATES OF AMERICA, by its attorney,

Edward H. Kubo, Jr., United States Attorney for the District of

Hawaii, and the Defendant, WALTER Y. ARAKAKI, and his attorney,

Keith M. Kaneshiro, Esq., have agreed upon the following:

1.    Defendant acknowledges that he has been charged in an Indictment with four counts of violating Title 18, United States Code, Section 1341 – mail fraud.

2.    Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.    Defendant will enter a voluntary plea of guilty to Count 2 of the Indictment.

5.    Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.    Defendant enters this plea because he is in fact guilty of mail fraud as charged in Count 2 of the Indictment, and agrees that this plea is voluntary and not the result of force or threats.

7.    Defendant understands that the penalties for the offense to which he is pleading guilty include:

a.    Up to 5 years imprisonment and a fine of up to $250,000, plus a term of supervised release of not more than two years; and

b.    Restitution pursuant to Title 18, United States Code, Section 3663A to any person identified as a "victim"

2

of the Defendant's criminal conduct by the United States
Probation Officer in the Presentence Report.

        c.  In addition, the Court must impose a $100
special assessment.  Defendant agrees to pay $100 to the District
Court's Clerk's Office, to be credited to said special
assessments, before the commencement of any portion of
sentencing.  Defendant acknowledges that failure to make such
full advance payment in a form and manner acceptable to the
prosecution will allow, though not require, the prosecution to
withdraw from this agreement at its option.

        8.  Defendant admits the following facts and agrees
that they are not a detailed recitation of all material facts,
but merely an outline of what happened in relation to the charge
to which Defendant is pleading guilty:

        a.  Defendant WALTER Y. ARAKAKI, acting through
his business interests, including Walter Y. Arakaki, General
Contractor, Inc., performed construction, maintenance, and repair
work for the State of Hawaii at the Honolulu International
Airport, including projects authorized under the process for
awarding "Small Purchase Contracts" – maintenance services or
repairs obtained for a cost of less than $25,000.

        b.  Pursuant to the Hawaii Revised Statutes, and
the regulations and policies of the state agencies involved in
the administration of public finances expenditures, a contract

3

for the purchase of construction services for a cost of less than $25,000 can be awarded only after a contracting official solicits at least three quotes in relation to the scope of work. The contracting official should identify the lowest bidder and the contract is issued to that bidder.

c.    "Parceling" of contracts is the dividing-up of a large construction, maintenance, or repair project into a series of smaller contracts, each for less than $25,000, for the purpose of issuing multiple "small purchase contracts" and avoiding the more formal "sealed bid" process for awarding contracts for more than $25,000. Such "parceling" of contracts into a series of small purchase contracts then awarded informally, was prohibited by the State of Hawaii laws and regulations concerning such contracts.

d.    The Defendant and others participated in a scheme and artifice to defraud the State of Hawaii through the parceling of a contract for repair of the Honolulu Airport Fireboat House, and in the process of doing so avoided the safeguards in place to insure the benefit of having competitive bids for "small purchase contracts" for maintenance, repair and construction work. The Defendant and others bypassed the established contracting procedures when the Defendant obtained and submitted two "complimentary" bids along with each of his own bids on the Fireboat House repair project, when he knew that the

4

"complimentary" bids materially misrepresented the intention of the other contractors with respect to performing the work.

      e.    On or about April 27, 1999, the defendant submitted a bid for repairs to the debris screens on the Fireboat House in the amount of $24,999.80. The defendant had previously submitted a bid and been awarded a similar contract for Fireboat House debris screen repairs on March 5, 1999, in the amount of $24,997.04, and subsequently submitted a bid and was awarded another similar contract for Fireboat House debris screen repairs on May 21, 1999, in the amount of $24,006.31. Through the submission and acceptance of "complimentary" bids with each of the defendant's three bids, the defendant and others ensured there was no actual competition on price under either the "sealed bid" process or the "small purchase contracts" process in the issuance of the contracts for the repair work done to the Fireboat House.

      f.    Following completion of the maintenance, repair, or construction project for which the contract was awarded, the defendant caused payment to be mailed via the United States Postal Service back to his company by submitting, or causing to be submitted, invoices for payment with respect to the Fireboat House repair.

      g.  On or about August 6, 1999, Defendant knowingly caused to be delivered to the United States Postal

Service in Hawaii for delivery to the Defendant, State of Hawaii
Warrant No. S0010959, payable to "Walter Y. Arakaki, General
Contractor, Inc.," in the amount of $24,999.80, as payment for
the Fireboat House debris screen repair work on one of the
contracts obtained by the defendant through circumvention of the
procurement rules of the State of Hawaii.

9.    Pursuant to CrimLR32.1(a) of the Local Rules of
the United States District Court for the District of Hawaii, the
parties agree that the charges to which the Defendant is pleading
guilty adequately reflect the seriousness of the actual offense
behavior and that accepting this Agreement will not undermine the
statutory purposes of sentencing.

10.    Pursuant to CrimLR32.1(b) of the Local Rules of
the United States District Court for the District of Hawaii and
Section 6B1.4 of the Sentencing Guidelines, the parties stipulate
to the following for the purpose of the sentencing of Defendant
in connection with this matter:

a.    That the facts set forth in Paragraph 8
above, are true and correct.

11.    The parties agree that notwithstanding the
parties' Agreement herein, the Court is not bound by any
stipulation entered into by the parties but may, with the aid of
the presentence report, determine the facts relevant to
sentencing.

12.   Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of Defendant in connection with this matter:

None known at this time.

13.   The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.   The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.   If the Court, in imposing sentence, departs (as that term is used in Part K of the Sentencing Guidelines) upward from the recommended guideline range determined by the

7

Court to be applicable to the Defendant's conduct, the Defendant retains the right to appeal the upward departure portion of his sentence, and the manner in which that portion was determined under Section 3742, and to challenge that portion of his sentence in a collateral attack.

c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14.    The Defendant understands that the District Court, in imposing sentence, will be guided by the provisions of the Sentencing Guidelines.  Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines.  The Defendant further agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15.    The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to

8

consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

      16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

      a. If Defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

      b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.

9

The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

        c.    If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

        d.    At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

        e.    At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

        17.  Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

10

18.   Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19.   Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20.   Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in

//
//
//
//
//
//
//
//
//
//

11

aggravation or mitigation relevant to the issues involved in sentencing.

DATED:  Honolulu, Hawaii, _____10/9/07_____.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


_____
RONALD G. JOHNSON
Chief, Major Crimes Section

_____
WILLIAM L. SHIPLEY
Assistant U.S. Attorney

_____
WALTER Y. ARAKAKI
Defendant

_____
KEITH M. KANESHIRO, Esq.
Attorney for Defendant

12